**KELLEY DRYE & WARREN LLP**
Becca J. Wahlquist (State Bar No. 215948)
BWahlquist@kelleydrye.com
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 547-4900
Facsimile:   (213) 547-4901

*Attorneys for Defendant*
*Kohl's, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>KOHLS, INC., a Delaware corporation, d/b/a KOHLS.COM,<br><br>Defendant. | Case No. **'23CV1988 AJB KSC**<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 37-2022-00051963-CU-CR-CTL]<br><br>Amended Complaint Served: 09/28/23<br>Removal Date: 10/27/23 |

Case No.
NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Kohl's, Inc. ("Kohl's") hereby removes the above-captioned putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). In support of removal, Kohl's states the following:

1. On December 29, 2022, Plaintiff Miguel Esparza ("Plaintiff") filed a complaint against Kohl's in the Superior Court of California, County of San Diego, captioned *Miguel Esparza v. Kohls, Inc. and Does 1-10*, Case No. 37-2022-00051963-CU-CR-CTL (the "State Court Action").

2. Plaintiff's Complaint was an individual lawsuit.

3. On March 7, 2023, Kohl's filed a Notice of Demurrer and a Demurrer to Plaintiff's Complaint.

4. On September 28, 2023, before his opposition to the Demurrer was due, Plaintiff filed the First Amended Class Action Complaint (the "Amended Complaint"). The Amended Complaint turned the State Court Action from an individual lawsuit to a class action.

5. A copy of the Amended Complaint in the State Court Action is attached hereto as **Exhibit A**.

6. The Amended Complaint alleges that Kohl's's website, https://www.Kohls.com (the "Website"), "secretly installed a collection of surveillance tools" on the Website "to identify and 'dox' every anonymous visitor and to wiretap and eavesdrop on all conversations conducted through the website chat feature." (*See* Am. Compl. Section I.) Plaintiff alleges that this activity violated the California Invasion of Privacy Act ("CIPA"), the California Unauthorized Access to Computer Data Act ("CUCA"), California common law invasion of privacy, and

1

1 | intrusion upon seclusion. (*Id.* ¶¶ 51, 55, 65, 72.)

2 | 7. Plaintiff purports to bring the claims on behalf of a California class of persons, with the following proposed membership:

> All persons within the state of California who within the statute of limitations period: (1) visited Defendant's website; and (2) were exposed to the wrongful conduct described above.

(*Id.* ¶ 38.)

8. Plaintiff alleges that he "does not know the number of Class members but believes the number to be at least 50 but not more than 100." (*Id.* ¶ 39.)

9. However, more than 1,000 visits to Kohl's website that included interaction with the chat feature that Plaintiff complains about on behalf of a putative class would have been visits by California residents.

10. Because Plaintiff asserts that Plaintiff and each Class Member is entitled to statutory damages of at least $5,000 per violation, plus injunctive relief, punitive damages, and compensatory damages, this puts over $5 million dollars of statutory damages at issue, as required by 28 U.S.C. § 1332(d).

## **REMOVAL IS TIMELY**

11. Under 28 U.S.C. 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12. Here, Plaintiff's initial complaint filed in the state court was an individual action for which there was no federal subject matter jurisdiction.

13. The Amended Complaint filed on September 28, 2023, transformed that individual action into a class action.

14. Thirty days from September 28, 2023 is October 28, 2023, which is a

2

Case No.
NOTICE OF REMOVAL

Saturday. Therefore, Federal Rule of Civil Procedure 6 permits Kohl's to remove this action anytime on or before Monday, October 30, 2023. *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019) ("Thirty days from February 13, 2015, was Sunday, March 15, 2015, so the notice of removal would have been timely filed on Monday, March 16, 2015.")

15. Kohl's thus is removing within the time prescribed by 28 U.S.C. § 1446.

## GROUNDS FOR REMOVAL

16. This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

17. Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

18. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

**I.   This Is a "Class Action" With More Than 100 Putative Class Members**

19. This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

20. While Plaintiff alleges that he "does not know the number of Class members," asserting that the likely number is between 50 and 100 members, in actuality more than 1,000 California residents would have visited the Kohl's website

1 during the past year and interacted with the chat feature.

2    21.   Thus, Kohl's has "explained plausibly how the stakes exceed $5 million and how the proposed class exceeds 100 members." *Grant v. Cap. Mgmt. Servs., L.P.,* 449 F. App'x 598, 600 (9th Cir. 2011) (citation omitted); *accord Hoffman v. Cingular Wireless, LLC,* No. 3:06-CV-01021, 2006 WL 8434266, at *3 (S.D. Cal. Aug. 14, 2006).

## II. There Is Minimal Diversity of Citizenship

   22.   There is diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

   23.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

   24.   Plaintiff alleges that he "a resident of California." (Am. Compl. ¶ 3.) Kohl's is informed and believes that Plaintiff is a citizen of California. Further, all Class Members would be citizens of California. (*Id.* ¶ 38.)

   25.   For CAFA removal purposes, a corporation is domiciled (1) in the state in which it is incorporated, and (2) the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is defined as the corporation's headquarters, "provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

   26.   Here, Kohl's was incorporated in Delaware, (Am. Compl. ¶ 4), and its headquarters is located in Wisconsin.

   27.   Kohl's is, therefore, a citizen of Delaware and Wisconsin for purposes of CAFA and is therefore diverse from Plaintiff and all Class Members.

## III. The Alleged Amount in Controversy Exceeds $5,000,000

   28.   The amount in controversy requirement under CAFA is satisfied if "the

matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

29. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

30. Kohl's denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative class are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

31. Plaintiff seeks at least $5,000 in statutory damages for each Class Member for each alleged violation—it would take only 1,000 members in the putative class, or 1,000 distinct visits from a smaller group of members, to put $5,000,000 of statutory damages at stake.

32. More than 1,000 visits to Kohl's chat feature on its website during the past year would have been made by California residents, thus putting at least $5,000,000 of statutory damages at stake.

33. When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

34. Plaintiff further seeks injunctive and compensatory relief in the Amended Complaint, which add to the amount in controversy. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[T]he potential

5

Case No.
NOTICE OF REMOVAL

cost to the defendant of complying with the injunction . . . represents the amount in controversy for jurisdictional purposes.").

35.     Moreover, Plaintiff seeks punitive damages in the Amended Complaint, which also adds to the amount in controversy. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (holding that punitive damages are included in the amount in controversy where they may be awarded for the cause of action). Here, "California courts and district courts in the Ninth Circuit have recognized punitive damages may be appropriate for common law invasion of privacy claims." *Jackson v. First Nat'l Bank of Omaha,* No 2:20-CV-01295, 2022 WL 423440, at *9 (C.D. Cal. Jan. 18, 2022) (collecting cases).

36.     Kohls denies that Plaintiff is entitled to any monetary or injunctive relief. However, even a conservative one-to-one ratio for putative damages—when combined with the statutory damages and injunctive relief at issue—would elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum.

## **REMOVAL IS PROCEDURALLY PROPER**

37.     Removal is timely because Kohl's filed this notice within thirty days of Plaintiff's September 28, 2023 service of the Amended Complaint on Kohl's. *See* 28 U.S.C. § 1446(b)(3).

38.     Removal to this Court is proper because the United States District Court for the Southern District of California embraces the location where the State Court Action was commenced and is pending—San Diego, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

39.     Kohl's submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

40.     Kohl's will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

41.     Kohl's will promptly file a copy of this notice of removal with the Clerk

of the Superior Court of the State of California in and for the County of San Diego in accordance with 28 U.S.C. § 1446(d).

DATED: October 27, 2023

KELLEY DRYE & WARREN LLP
Becca J. Wahlquist (SBN 215948)

By:  /s/ Becca J. Wahlquist
      Becca J. Wahlquist

*Attorneys for Defendant*
*Kohl's, Inc.*