# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>v.<br><br>UAG ESCONDIDO A1 INC., a Delaware corporation, dba ACURAOFESCONDIDO.COM, and DOES 1 through 10, inclusive<br><br>                      Defendants. | Case No.:  23cv0102 DMS(KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

     This case comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint.  Plaintiff filed an opposition to the motion, and Defendant filed a reply.

     As alleged in the Complaint, sometime between November 2021 and November 2022, Plaintiff Miguel Esparza used his smart phone to visit Defendant's website acuraofescondido.com.  Through the website's chat feature, Plaintiff had a conversation with Defendant UAG Escondido A1 Inc.  (Compl. ¶18.)  Plaintiff alleges he:

> is a consumer privacy advocate with dual motivations for initiating a conversation with Defendant.  First, Plaintiff was genuinely interested in learning more about the goods and services offered by Defendant.  Second, Plaintiff is a "tester" who works to ensure that companies abide by the privacy obligations imposed by California law.

(*Id.* ¶16.)[1]  Plaintiff alleges Defendant "was secretly recording their conversations or allowing, aiding, and abetting a third party to intercept and eavesdrop on them in real time."  (*Id.* ¶20.)   Indeed, Plaintiff alleges Defendant "secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.acuraofescondido.com" and "allows at least one third party to eavesdrop on such communications in real time and during transmission to harvest data for financial gain." (*Id.* at 2.)  Plaintiff alleges that to enable the wiretapping,

> Defendant has covertly embedded software code that functions as a device and contrivance into its website that automatically intercepts, records and creates transcripts of all conversations using the website chat feature.  To enable the eavesdropping, Defendant allows at least one independent third-party vendor to use a software device or contrivance to secretly intercept (during transmission and in real time), eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and deeply personal.  The data from those transcripts are then used for targeted marketing or other purposes.

(*Id.* ¶12.)

As a result of Plaintiff's experience with Defendant's website, and Defendant's alleged practices with regard to other visitors to Defendant's website, Plaintiff, individually and on behalf of all others similarly situation, filed the present case against Defendant in San Diego Superior Court.  In the Complaint, Plaintiff alleges two claims

---

[1] A search of the Court's CM/ECF system reveals that Plaintiff and his counsel had five other cases in this Court, either filed here or removed from state court, raising similar factual allegations and legal claims:  *Esparza v. Dickey's BBQ Pit Inc.*, Case No. 22cv1502 DMS (BGS), *Esparza v. Minted, LLC*, 22cv1560 TWR (KSC), Case No. 22cv1560 TWR (KSC), *Esparza v. Crocs, Inc.*, Case No. 22cv1842 JO (MDD), *Esparza v. FanDuel Inc.*, Case No. 22cv1852 BEN (JLB), and *Esparza v. Concentrix Corp.*, Case No. 22cv1994 DMS (KSC).  Plaintiff dismissed the *Minted* case after the Court issued an order to show cause re: subject matter jurisdiction, dismissed the *FanDuel* case after full briefing on the defendant's motion to dismiss, and dismissed the *Concentrix* case and the *Dickey's* case. The *Crocs* case was settled and also dismissed.

1  under California's Invasion of Privacy Act ("CIPA"), one for violation of California Penal

2  Code § 631 and one for violation of California Penal Code § 632.7.  On January 19, 2023,

3  Defendant removed the case to this Court pursuant to the Class Action Fairness Act

4  ("CAFA").  The present motion followed.

5  The present motion is not unlike the motion to dismiss filed in *Garcia v. Build.com,*

6  *Inc.*, Case No. 22cv1985 DMS (KSC).  That case involved different parties, but the

7  complaint in that case is otherwise identical to the Complaint in the present case, and

8  Plaintiff's counsel in both cases is the same.  The motion in *Garcia* also raised many of

9  the same issues raised in the present motion.

10  In a recent order, this Court granted the motion to dismiss in *Garcia*.  *See Garcia*,

11  Case No. 22-cv-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023).  Given

12  that the Complaint in this case is nearly identical to the *Garcia* complaint, and in light of

13  the overlap between the arguments raised in the present motion and the arguments raised

14  in *Garcia*, this Court incorporates the reasoning of *Garcia* to this case, *see id.* at *4-6, and

15  grants Defendant's motion to dismiss the present case, as well.  For the reasons stated in

16  *Garcia*, Plaintiff's first claim alleging a violation of California Penal Code § 631 is

17  dismissed without prejudice to the extent it is based on Clause 4 of that statute.  All other

18  claims are dismissed with prejudice.  If Plaintiff wishes to amend his claim under Clause

19  4, he shall file a First Amended Complaint no later than **August 10, 2023**.

20  **IT IS SO ORDERED**.

21  Dated:  July 27, 2023

22

23  Hon. Dana M. Sabraw, Chief Judge

United States District Court

24

25

26

27

28

23cv0102 DMS(KSC)